UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL R. MARTIN** ] | |
|     **Plaintiff,** ] | |
| ] | |
| **v.** ] | No. 3:10-1019 |
| ] | Judge Campbell |
| **FLETCHER W. LONG** ] | |
|     **Defendant.** ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Fletcher Long, an attorney in Robertson County, seeking declaratory relief and damages.

In February, 2003, the plaintiff was found guilty of unspecified felonies. During his criminal prosecution, he had retained the defendant to represent him. The plaintiff now claims that the defendant was ineffective in his representation and that the defendant is guilty of legal malpractice.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that attorneys, even those appointed by the

courts, do not act "under color of state law" within the meaning of § 1983 when representing a client. Polk County v. Dodson, 454 U.S. 312 (1981); Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir.1968). Thus, plaintiff's claim that his attorney was ineffective is not actionable under § 1983. When a prisoner plaintiff proceeding *pro se* has failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge